CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 24 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN LEDEZMA-RODRIGUEZ, | ) |
| Petitioner, | ) Civil Action No. 7:18cv00268 |
| v. | ) MEMORANDUM OPINION |
| M. BRECKEN, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

Juan Ledezma-Rodriguez, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on 28 U.S.C. § 2255(e), United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[1] Ledezma-Rodriguez seeks to invalidate the sentence imposed on him by the United States District Court for the Southern District of Iowa in 2002, Case No. 3:00cr00071. Upon review of the record, I conclude that the respondent's motion to dismiss must be granted because I lack jurisdiction to consider Ledezma-Rodriguez's § 2241 petition.

I.

In 2002, after a jury trial in the Southern District of Iowa, the court convicted Ledezma-Rodriguez of possession with intent to distribute more than 500 grams of mixture containing methamphetamine and amphetamine purporting to be methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); conspiracy to distribute cocaine and more than 500 grams of mixture containing methamphetamine and amphetamine purporting to be methamphetamine,

---

[1] In reviewing a prior conviction under North Carolina law, Simmons held that a prior conviction could not enhance a sentence if the defendant's criminal history was not sufficient to garner more than a year of imprisonment.

in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Prior to trial, the United States filed a notice of prior convictions pursuant to 21 U.S.C. § 851, setting forth Ledezma-Rodriguez's two prior Oregon felony drug convictions, which increased the mandatory minimum sentence to life imprisonment on two of the federal drug counts. The court sentenced Ledezma-Rodriguez to life imprisonment on the conspiracy and methamphetamine distribution convictions, a concurrent thirty-year sentence on the cocaine distribution conviction, and a consecutive five-year sentence on the § 924(c) conviction. Ledezma-Rodriguez appealed and the Court of Appeals for the Eighth Circuit denied the appeal.

In September 2003, Ledezma-Rodriguez filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255, which the Southern District of Iowa denied and the Eighth Circuit affirmed. In 2006, Ledezma-Rodriguez filed a petition for a successive habeas corpus motion under 28 U.S.C. § 2244, and the Eighth Circuit denied his motion. In 2013, Ledezma-Rodriguez filed a second § 2255 motion in the district court and the court dismissed it without prejudice as successive. In 2014, Ledezma-Rodriguez filed another petition for a successive habeas corpus motion under § 2244, which the court again denied. In 2016, Ledezma-Rodriguez filed a third petition for a successive habeas corpus motion under § 2244, and the court again denied his petition.

In his instant § 2241 petition, Ledezma-Rodriguez argues that his sentence is unlawful because his prior Oregon drug convictions are not qualifying offenses for the sentencing enhancement of 21 U.S.C. § 841(b)(1)(A), in light of Simmons, 649 F.3d 237.[2] Respondent filed a motion to dismiss and Ledezma-Rodriguez has responded, making the matter ripe for

---

[2] Respondent contends that the Oregon convictions remain proper predicate offenses. I need not make that determination because I lack jurisdiction over the petition.

2

disposition.

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[3]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.[4] If any one of the requirements is not met, the court is deprived of

---

[3] I have omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[4] Although recognizing their status as binding precedent on this court, respondent also argues in his motion to dismiss that Wheeler and In re Jones, 226 F.3d 328 (4th Cir. 2000), were incorrectly decided by the Fourth Circuit. I decline to overrule the Fourth Circuit's decisions in these cases. See Condon v. Haley, 21 F. Supp. 3d 572, 583 (D.S.C. 2014) ("[A] decision of a circuit court, not overruled by the United States Supreme Court, is controlling precedent for the district courts within the circuit.").

3

jurisdiction and may not "entertain [the petition] to begin with." Id. at 425. Ledezma-Rodriguez bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019). The Iowa district court where Ledezma-Rodriguez was convicted is within the Eighth Circuit. 28 U.S.C. § 41. Accordingly, while the court must apply the procedural standard in Wheeler, it must do so using Eighth Circuit substantive law. Id.

Ledezma-Rodriguez relies exclusively on Simmons as substantive law to support his argument. However, Simmons is a Fourth Circuit decision that is not binding upon courts within other circuits.[5] See Williams v. Ziegler, No. 5:12-0398, 2013 U.S. Dist. LEXIS 183854, at *14, 2014 WL 201713, at *4 (S.D. W. Va. Dec. 30, 2013) (citing Goodwin v. United States, No. 1:12cv430; 1:08cr104, 2013 U.S. Dist. LEXIS 80093, at *9, 2013 WL 2468365, at * 3 (E.D. Tenn. June 7, 2013)). Ledezma-Rodriguez has failed to identify any retroactive Eighth Circuit case that would substantively change the law applicable to his conviction. Therefore, I conclude that Ledezma-Rodriguez is unable to satisfy the second prong of Wheeler and, thus, I lack

---

[5] I note that in reaching its decision in Simmons, the Fourth Circuit relied on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The United States Supreme Court, however, did not make Carachuri-Rosendo retroactive to cases on collateral review. Thus, Carachuri-Rosendo does not establish a substantive change in the law for purposes of the savings clause. On August 21, 2013, the Fourth Circuit held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. Miller v. United States, 735 F.3d 141 (4th Cir. 2013). In Miller, the Fourth Circuit noted that "[t]he fact that this Court relied on Carachuri in reaching its decision in Simmons does not mean that Carachuri itself announced a new rule of substantive criminal law, only that this Court applied Carachuri in such a way as to announce such a [new substantive rule.]" Miller, 735 F.3d at 146. The Fourth Circuit explained that even though "Carachuri is a procedural rule that is not retroactive, this does not mean that Simmons, in applying Carachuri, did not announce a substantive rule that is retroactive." Id. at 147. Although Miller and Simmons may result in a substantive change in the law for individuals convicted in the Fourth Circuit, Ledezma-Rodriguez was convicted in Eighth Circuit and cannot sustain his burden of showing a substantive change in the law based upon Simmons, Miller, or Carachuri-Rosendo.

jurisdiction to consider his § 2241 petition.

### III.

For the reasons stated, I will grant respondent's motion and dismiss Ledezma-Rodriguez's § 2241 petition without prejudice for lack of jurisdiction. Wheeler, 886 F.3d at 424-25 (holding that § 2255(e) is jurisdictional).

**ENTERED** this 24th day of September, 2019.

                                                    SENIOR UNITED STATES DISTRICT JUDGE